United States Courts
Southern District of Texas
FILED
*November 03, 2026*
Nathan Ochsner, Clerk of Court

**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | **Criminal No. 4:26-cr-089** |
| | § | |
| | § | |
| **v.** | § | **<u>Count 1</u>** |
| | § | **Conspiracy to Commit Wire Fraud** |
| **ARIEL E. SEPULVEDA,** | § | **(18 U.S.C. 371)** |
| **Defendant.** | § | |

## <u>SUPERSEDING INFORMATION</u>

THE UNITED STATES ATTORNEY CHARGES THAT:

**<u>COUNT ONE</u>**
**(Conspiracy, 18 U.S.C. § 371)**

### A. INTRODUCTION

At times material to this Information:

1. Defendant ARIEL E. SEPULVEDA and others known and unknown to the United States Attorney conspired together, and with intent to defraud, participated in a scheme and artifice to defraud the several commercial banks in the Houston, Texas area within the Southern District of Texas.

2. Defendant SEPULVEDA was a resident of Houston, Texas, and was affiliated with the following business entities:

a. KASE Trading Inc. was registered with the Texas Secretary of State as an ongoing concern during the timeframe of the events referenced in this information. SEPULVEDA was listed as a registered agent and one of the owners. KASE Trading Inc. was ostensibly involved in machinery and vehicle acquisition and repair in the Houston, Texas metropolitan area.

b. H90 Collision Inc. was registered with the Texas Secretary of State as an ongoing concern during the timeframe of the events referenced in this information. SEPULVEDA was listed as the original registered agent and owner. H90 Collision Inc. was ostensibly involved in machinery and vehicle acquisition and repair in the Houston, Texas metropolitan area.

3. MidFirst Bank was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation. MidFirst Bank is and was located in Oklahoma City, Oklahoma, and had multiple branch offices in the United States, including branch offices in the Southern District of Texas. Additionally, in the normal course of business, MidFirst Bank engaged in making various types of loans to both commercial and private interests, including business loans based on secured collateral.

4. SNAP-ON Tools is a manufacturer of heavy machinery located primarily in Kenosha, Wisconsin. SNAP-ON tools utilized multiple vendors and independent salesman across the Untied States, including several in the Houston Texas area of the Southern District of Texas.

**B. THE CONSPIRACY**

5. From in or about May 3, 2022 to February 1, 2026 in the Houston Division of the Southern District of Texas, and elsewhere,

**ARIEL E. SEPULVEDA**

defendant herein, and others known and unknown to the Grand Jury, did knowingly combine, conspire, confederate, and agree with others known and unknown, to commit fraud and related activity in connection with wire fraud, in violation of Title 18, United States Code, Section 371 and Title 18 United States Code, Section 2.

6. It was a part and object of the conspiracy that the defendants, along with other co-conspirators, did knowingly and willfully combine, conspire, confederate and agree with others known and unknown to the grand jury, to execute a scheme and artifice to defraud and to obtain money and property by false and fraudulent pretenses, representations, documents and promises, by committing wire fraud, specifically by submitting false and fraudulent documents to victim banking institutions in order to secure loans based on non-existent collateral in violation of Title 18, United States Code, Section 371 and Section 2.

## C. MANNER AND MEANS OF THE CONSPIRACY

7. In furtherance of this conspiracy and to effect the objects thereof, the Defendant and other co-conspirators used the following manner and means, among others:

a. At the direction of and in concert with various co-defendants and co-conspirators, known and unknown, the Defendant would submit false and inflated invoices and collateral accountings based on claimed ownership of high-value heavy machinery to MidFirst Bank and other banks in an effort to secure collateral-based business loans.

b. Defendant and others often worked in concert with loan officers employed by the victim banks to facilitate the acceptance and approval of collateral-based business loans based on the false and inflated invoices presented by the Defendant. Additionally, bank employees involved in the scheme purposefully did not perform basic due diligence to determine if the Defendant and co-conspirators did in fact own the claimed heavy machinery.

c. To secure fraudulent loans, Defendant and co-conspirators often submitted false documents labeled as “Paid Invoices” from local SNAP-On dealerships showing ownership of

heavy machinery.

## D. OVERT ACTS

8. On or about May 1, 2022, defendant Sepulveda met with a loan officer and co-conspirator at a MidFirst Bank branch office located in Houston, Texas, within the Southern District of Texas. During this meeting, defendant Sepulveda presented fraudulent documents purporting to show that his business KASE Trading Inc. had unsecured interest in various pieces of high value heavy machinery.

9. Specifically, defendant Sepulveda presented a false invoice dated February 22, 2021 and marked "paid" purporting to be from "Snap-On Tools and Equipment Sales" with invoice number 9575050. This document listed one "Park Auto Lift HDE 40x" with serial number 17694 and valued at $69,000.00. As known to defendant Sepulveda and his co-conspirator, his company KASE Trading Inc. did not own this equipment. Additionally, records from Snap-On Tools confirmed that neither they nor their independent vendors had sold that piece of machinery to KASE Trading Inc.

10. Based on the false documents presented by defendant Sepulveda to his co-conspirator, MidFirst bank approved loan #1295550-100 and, on May 3, 2022, disbursed $200,000.00 from their accounts located in Oklahoma City, OK to defendant Sepulveda's Bank of America account xx3841, located in Charlotte, N.C. and Houston, TX. All transactions moved through interstate wire transfer.

*All in violation of Title 18, United States Code, Section 371.*

**NOTICE OF FORFEITURE**
**(18 U.S.C. § 981(a)(1)(C); 28 U.S.C. § 2461(c))**

3. Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), the United States gives notice to the defendant that in the event of their conviction of any of the offenses charged in Count One of this Information, all property, real or personal, which constitutes or is derived from proceeds traceable to such offenses, is subject to forfeiture.

***Money Judgment and Substitution Assets***

4. Defendant is notified that upon conviction, the United States will seek a money judgment against him. In the event that one or more conditions listed in Title 21, United States Code, Section 853(p) exist, the United States will seek to forfeit any other property of the defendant up to the amount of the money judgment against that defendant.

AARON F. REITZ
United States Attorney
Southern District of Texas

By: *Thomas H. Carter*
THOMAS H. CARTER
Assistant United States Attorney
Southern District of Texas